PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEREK MORTLAND, ) | |
| ) | CASE NO. 4:22-CV-1968 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JUDGE BENITA Y. PEARSON |
| VIK DEV, LLC, ) | |
| ) | |
| Defendant. ) | **DEFAULT JUDGMENT** |
| ) | |

For the reasons set forth in the Memorandum of Opinion and Order filed contemporaneously with this Default Judgment, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that judgment is hereby rendered in favor of Plaintiff Derek Mortland and against Defendant Vik Dev, LLC.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED:

1. Defendant Vik Dev LLC ("Vik Dev") has failed to file an answer or other responsive pleading in this matter; Plaintiff Derek Mortland's Motion for Default Judgment (ECF No. 8) is hereby granted.

2. The Court finds that Defendant Vik Dev LLC, who owns and operates the Super 8 hotel, located at 5280 – 75 Drive, Youngstown, OH 44515, is in violation of Title III of the Americans with Disability Act and Ohio's Non-Discrimination Statute by denying Plaintiff, equal accommodation to its place of public accommodation;

3. Vik Dev is hereby ORDERED to become compliant with Title III of the Americans with Disability Act by modifying and/or replacing any and all deficiencies to its place of

(4:22CV1968)

    public accommodation within Ninety (90) days from the date of this Order as specified below and in Plaintiff's Motion for Default Judgment, Exhibit 5, Site Accessibility Evaluation ([ECF No. 8-8](ECF No. 8-8)) which is adopted herein by reference;

4. Vik Dev is further ORDERED to make all alterations and modifications pursuant to the 2010 Americans with Disability Act Standards.

5. Specifically, Vik Dev is ordered to perform the following remediations to the Super 8 hotel:

    a. Parking

        i. In compliance with 2010 ADAS Section 502.2, install a complaint access aisle at the right most accessible parking stall (Ref. Ex. 5, Find. 1, pp. 4-5).

        ii. In compliance with 2010 ADAS Section 502.2, install a complaint access aisle at the middle most accessible parking stall (Ref. Ex 5, Find 2, pp. 6-7).

        iii. In compliance with 2010 ADAS Section 502.6, raise the parking sign to a minimum of 60 inches from the bottom of the sign to the ground (Ref. Ex. 5 Find 3, p. 8).

        iv. In compliance with 2010 ADAS Section 502.6, install a van sign to identify it as a van accessible stall (Ref. Ex. 5, Find 4, p. 9).

    b. Front Desk Case:

        i. In compliance with 2010 ADAS Section 904.4.1, remediate a portion of the counter surface so that it is 36 inches long minimum and 36 inches

(4:22CV1968)

        high maximum above the finish floor with knee and toe space for a forward approach (Ref. Ex. 5, Find. 5 pp.10-11).

  c. Room 101

     i. In compliance with 2010 ADAS Section 305.3, relocate the wall lamp so that it is not obstructed by the refrigerator and microwave. (Ref. Ex. 5, Find. 7, p. 13).

     ii. In compliance with 2010 ADAS Section 308.3.2, relocate the lamp so that its operable controls are 48 inches maximum (Ref. Ex. 5, Find. 8, pp. 14-16).

     iii. In compliance with 2010 ADAS Section 305.3, provide clear floor space for an approach to the floor lamp (Ref. Ex. 5, Find. 9, p. 17).

     iv. In compliance with 2010 ADAS Section 806.2.3, relocate the chair so that there is a 30 inch minimum by 48 inch minimum clear width space located along both sides of a bed (Ref. Ex. 5, Find. 10 pp. 18-19).

     v. In compliance with 2010 ADAS Section 308.2.1, lower the drape wands to 48 inches maximum reach from the floor (Ref. Ex. 5, Find 11 p. 20).

     vi. In compliance with 2010 ADAS Section 309.4, install drape wands that do not require tight grasping, pinching or twisting of the wrist (Ref. Ex. 5, Find. 12, p. 21).

     vii. In compliance with 2010 ADAS Section 308.2.1 and 308.3.1, lower the closet shelf to a maximum 48 inches above the finished floor (Ref. Ex. 5, Find. 13, pp.22- 23).

(4:22CV1968)

 viii. In compliance with 2010 ADAS Section 308.2.1 and 308.3.1, lower the closet rod to a maximum 48 inches above the finished floor (Ref. Ex. 5, Find, 14, p 24-25).

 ix. In compliance with 2010 ADAS Section 306.3.3, provide a desk with compliant knee clearance (Ref. Ex. 5, Find 15, pp.26-27).

 x. In compliance with 2010 ADAS Section 608.5.2, relocate the operable parts of the shower controls so that they are located on the back wall adjacent to the seat a maximum of 27 inches from the seat wall (Ref. Ex. 5, Find. 16, p. 28).

 xi. In compliance with 2010 ADAS Section 608.6, lower the handheld sprayer unit so that it is mounted no greater than 48 inches maximum to the top of the mounting bracket off the floor (Ref. Ex. 5, Find. 17, p. 29).

 xii. In compliance with 2010 ADAS Section 608.6, install a hand held sprayer unit that is equipped with a non-positive on/off control (Ref. Ex. 5, Find. 18, pp. 30-31).

 xiii. In compliance with 2010 ADAS Section 608.5.2, relocate the operable parts of the shower controls within the allowable height range (Ref. Ex. 5, Find. 19, p. 32).

 xiv. In compliance with 2010 ADAS Section 606.5, insulate the water and drainpipes under the lavatory (Ref. Ex. 5, Find. 20, p. 33).

 xv. In compliance with 2010 ADAS Section 306.3.1, provide for compliant knee space under the lavatory (Ref. Ex. 5, Find. 21 p.34).

(4:22CV1968)

    xvi. In compliance with 2010 ADAS Section 604.3.2, provide for clear floor space at the toilet (Ref. Ex. 5, Find. 22, pp 35-36).

        1. In compliance with 1991 ADAS Section 4.16.2, relocate the toilet so that the toilet's center line is 18 inches from the side wall (Ref. Ex. 5, Find. 23 pp. 37-38).

    xvii. In compliance with 2010 ADAS Section 604.5.2, relocate the toilet's rear grab bar (Ref. Ex. 5, Find. 24 pp. 39-40).

    xviii. In compliance with 2010 ADAS Section 604.5.1, relocate the side grab bar (Ref. Ex. 5, Find. 25, pp. 41-42).

    xix. In compliance with 2010 ADAS Section 308.2.2, relocate the hair dryer (Ref. Ex. 5, Find. 26, pp. 43-44).

    xx. In compliance with 2010 ADAS Section 308.3.1, relocate the safe to provide for an appropriate reach range for a side approach (Ref. Ex. 5 Find. 27, p. 45).

    xxi. In compliance with 2010 ADAS Section 404.2.7, lower the door security hardware so that it is 48 inches maximum above the finished floor (Ref. Ex. 5, Find. 28 p. 46).

    xxii. In compliance with 2010 ADAS Section 309.4, replace the lock with operating hardware that does not require tight grasping, pinching or twisting of the wrist to operate (Ref. Ex. 5 Find. 29, p.47).

    xxiii. xxiii. In compliance with 2010 ADAS Section 216.3, enlarge the font for the sign providing directional and information (Ref. Ex. 5, Find. 30, pp. 48- 49).

(4:22CV1968)

        xxiv. In compliance with 2010 ADAS Section 404.2.9, reduce the room door's opening force (Ref. Ex. 5, Find. 31, p.50).

    d. Interior Accessible Routes

        i. In compliance with 2010 ADAS Section 206.2.2, provide an accessible route to the Fitness Center (Ref. Ex. 5, Find. 32, pp. 51-52).

        ii. In compliance with 2010 ADAS Section 206.2.2, provide an accessible route to the Guest Laundry (Ref. Ex. 5, Find. 33 pp. 53-54).

        iii. In compliance with 2010 ADAS Section 206.2.2, provide an accessible route to the Vending and Ice Machine (Ref. Ex. 5 Find. 34, pp 55-56).

        iv. In compliance with 2010 ADAS Section 505.10.3, provide handrail extensions at the bottom of the stair flight (Ref. Ex. 5, Find. 35, pp. v. 57-59).

        v. In compliance with 2010 ADAS Section 505.10.2, provide handrail extensions at the top of the stair flight (Ref. Ex. 5, Find. 36, p. 6).

    e. Breakfast

        i. In compliance with 2010 ADAS Section 226.1, provide for at least 5% of each type of dining surface to be an accessible dining surface (Ref. Ex. 5, Find. 37, pp. 61-62).

        ii. In compliance with 2010 ADAS Section 308.1, lower the breakfast items (Ref. Ex. 5, Find. 38, pp. 63-64).

    f. Other Guest Rooms

(4:22CV1968)

      i. In compliance with 2010 ADAS Section 224.2 and Table 224.2, provide for enough accessible rooms designed with mobility features (Ref. Ex. 5 Find. 39 pp. 65-66).

      ii. In compliance with 2010 ADAS Section 224.5, disperse the accessible guest rooms among the various classes of sleeping accommodations (Ref. Ex. 5, Find. 40, pp. 67-68).

      iii. In compliance with 2010 ADAS Section 806.2.4.1, provide for comparable vanity countertop spaces in the mobility accessible rooms as those in the non-accessible rooms (Ref. Ex. 5, Find. 41, pp. 69).

6. Upon completion of the remediations as outlined above, Vik Dev shall file a Notice with the Clerk of Courts indicating that it has fully remedied the non-compliance with the ADA and Ohio law, as stated in this Order and in Plaintiff's Motion for Default Judgment, Exhibit 4, Site Accessibility Evaluation (ECF No. 8-8);

7. Plaintiff will then have seven (7) days to reinspect the Super 8 hotel to confirm whether Vik Dev has properly remediated the premises. Vik Dev is to provide Plaintiff and his counsel with access to all public use areas, meaning the interior and exterior rooms or spaces of a building that are made available to the general public, as well as all hotel guestrooms held out by Vik Dev as mobility accessible.

8. Within three (3) days of Plaintiff's reinspection, Plaintiff shall file a Status Report with the Clerk of Courts indicating Defendants' level of compliance with this Order.

9. If the Court is dissatisfied with Defendant's level of compliance, Defendant is on notice the Court may order the Super 8 hotel to close. Such closure would not permit it to

(4:22CV1968)

engage in any operations until it has fully remediated the non-compliance with the ADA and Ohio law be lifted.

10. It is further ordered that Plaintiff's application for an award of compensatory damages, punitive damages, attorney fees, expert fees, and court costs is hereby granted in the following amounts:

    a. Compensatory Damages: $25,000.00;

    b. Punitive Damages: $50,000.00;

    c. Attorney Fees: $8,899.60, plus any additional time, costs or expenses required of Plaintiff to enforce this Order;

    d. Expert Fees: $1,570.00; and

    e. Court Costs: $430.34.

11. Vik Dev is ordered to pay Plaintiff his compensatory damages, punitive damages, attorney fees, expert fees, and court costs, totaling $85,899.94.

12. This Court retains jurisdiction to effectuate the contents of this Order.

13. It is further ordered that Plaintiff shall serve a copy of this order on Vik Dev within 15 days of filing and file proof of same seven days after service.


IT IS FURTHER ORDERED, ADJUDGED and DECREED that this Default Judgment constitutes entry of judgment pursuant to Fed. R. Civ. P. 58.


IT IS SO ORDERED.


| January 25, 2024 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |